12:30 / Due to the Bucks County Corrections facility not being able to make copies of legal work for the past 3 weeks and counting, is there any way to forward this document to Labeled/Classified Defendents on behalf of Plaintiff, while also forwarding a copy back to Plaintiff?

Respectfully,

Matthew Gray
126231

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern  District of Pennsylvania

|  |  |  |
|---|---|---|
| *Matthew C. Gray* ) | Case No. | _____ |
| _____ ) | | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* ) | | |
| *(Write the full name of each plaintiff who is filing this complaint.* ) | | |
| *If the names of all the plaintiffs cannot fit in the space above,* ) | | |
| *please write "see attached" in the space and attach an additional* ) | | |
| *page with the full list of names.)* ) | | |
| -v- ) | | |
| ) | | |
| ) | | |
| *See attached* ) | | |
| _____ ) | | |
| *Defendant(s)* ) | | |
| *(Write the full name of each defendant who is being sued.  If the* ) | | |
| *names of all the defendants cannot fit in the space above, please* ) | | |
| *write "see attached" in the space and attach an additional page* ) | | |
| *with the full list of names.  Do not include addresses here.)* ) | | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915.  A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months.  See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid.  See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

---

Defendants:

- Deputy District Attorney Mary Kate Kohler
- Prosecutors for Bucks County
- District Attorney Matthew David Weintraub
- Bucks County Judicial Branch

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Matthew C. Gray |
| All other names by which you have been known: | N/A |
| ID Number | 1260231 |
| Current Institution | Bucks County Corrections Facility |
| Address | 1730 S. Easton Road |
| | Doylestown        PA        18901 |
| | *City*                *State*            *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Deputy District Attorney Mary Kate |
| Job or Title *(if known)* | Deputy District Attorney |
| Shield Number | unknown |
| Employer | Bucks County Judicial Branch |
| Address | 100 N. Main St., 2nd Floor |
| | Doylestown        PA        18901 |
| | *City*                *State*            *Zip Code* |

☒ Individual capacity      ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Prosecutor for Bucks County |
| Job or Title *(if known)* | Prosecution |
| Shield Number | unknown |
| Employer | Bucks County |
| Address | 100 N. Main St. |
| | Doylestown        Pa        18901 |
| | *City*                *State*            *Zip Code* |

☐ Individual capacity      ☒ Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

Defendant No. 3
    Name             Matthew David Weintraub
    Job or Title *(if known)*    District Attorney for Bucks County
    Shield Number      Unknown
    Employer         Bucks County
    Address          100 N. Main St. 2nd Floor
                   Doylestown     Pa     18901
                        *City*        *State*      *Zip Code*
              [X] Individual capacity    [ ] Official capacity

Defendant No. 4
    Name             Bucks County Judicial Branch
    Job or Title *(if known)*    Represents Bucks County
    Shield Number      Unknown
    Employer         Bucks County
    Address          100 N. Main St.
                   Doylestown     Pa     18901
                        *City*        *State*      *Zip Code*
              [ ] Individual capacity    [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

       [ ] Federal officials (a *Bivens* claim)

       [X] State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

       1st Amendment Pertaining to Freedom of speech and 8th Amendment Pertaining to Cruel and unusual Punishment

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

       N/A

N/A

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Please see attached (4pgs)

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☒   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     If the events giving rise to your claim arose outside an institution, describe where and when they arose.

The Bucks County Court House from original July 15th, 2020 to the present.

B.     If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

1374

# Color of Law Violation

- By around January 4th or 6th, 2019, Plaintiff met and became acquainted with inmate Alfonso Sanchez, I.D. 095098 while on module Golf at the Bucks County Corrections Facility.

- From March 8th, 2019 up to the current present day and time, Plaintiff has been assisting inmate Alfonso Sanchez with his legal matters concerning a retrial case involving a Capital Double Homocide Docket #CP-09-CR-0001136-2008 and a pending Civil Suit against Bucks County, represented by Civil Rights Attorney Michael Pileggi, Address 303 Chestnut St. Philadelphia Pa 19106. Docket # unknown.

- From March of 2019 up until around April 5th, 2019, inmate Alfonso Sanchez was being retaliated against by not only the Bucks County Corrections Facility, Mr. Sanchez was also being retaliated by Bucks County Judicial Branch officials, by way of being placed on either Administrative Lock Status and/or Restrictive Housing Status without any form of explanation or even a write up, 4 (four) times for about one week each lock down.

- From March 2019 to April 5th, 2019, Plaintiff was forwarding State Rules and Statutes, including Constitutional Violations to then (ex) Warden Paul K. Laguna, via fax at Fedex. Resulting in the lifting of lock status's against inmate Alfonso Sanchez 3 (three) times.

- However, the 4th time inmate Alfonso Sanchez was placed on Administrative lock between March 2019 and April 5th, 2019 (ex) warden Paul K. Laguna was claiming that an outside entity was threatening the life of inmate Alfonso Sanchez. Plaintiff was unable to confirm such threats. (It should be noted that Mr. Sanchez has been incarcerated at the Bucks county Corrections Facility since around 2017 without Misconduct incident).



- As a result, Plaintiff rehired Attorney Jack McMahon on April 5th, 2019, per contract, to specifically prevent any further forms of retaliation from Bucks County and/or the Bucks County Corrections Facility against Inmate Alfonso Sanchez. By mid April of 2019, Inmate Alfonso Sanchez was no longer being retaliated against.

- Inmate Alfonso Sanchez, I.D. 015098, from April 2019 up until around Late October/early November of 2020 was no longer being retaliated against by Bucks County and/or the Bucks County Corrections Facility.

- However, due to Plaintiff not only helping Inmate Alfonso Sanchez with their ongoing legal matters (criminal and civil), while also preventing any form of retaliation against Mr. Sanchez, Plaintiff was now the target of retaliation against put both by both Bucks County and the Bucks County Corrections Facility.

- From June 20th, 2019 up until June 24th, 2020, Plaintiffs legal documents and forms of Evidence were being taken from Plaintiff during weekly shake downs/ searches. At one point, 12 manilla envelopes "disappeared", never to be seen again. These envelopes enclosed everything for the Plaintiffs now dismissed, cases.

- On around July 15th, 2020, Plaintiff was officially granted approval to represent themselves per Honorable Judge Brian T. McLaughlin for both now dismissed, criminal matters involving Plaintiff.

- By around August 13th, 2020 around 12:56 was left a voicemail by Warminster Township Police, Detective Sean Harold on behalf of Bucks County District Attorney Matthew David Weintraub. (Mr. Weintraub has been allowing his staff to violate Plaintiffs rights as early as October 6th, 2018)

- By around August 20th, 2020, Plaintiff was receiving threats from an individual (Mule), stating "You need to

3 #4

keep your mouth shut", and", "You need to keep a close eye on your back".

• Plaintiff became so scared and in fear of his life that Plaintiff canceled his lease on their apartment early, by September 1st, 2020. ( 325 N. 13th st. Apt 807, Philadelphia Pa). Plaintiff went into hiding at a friends residence in Bucks County.

• By around October 1st, 2020, Deputy District Attorney Mary Kate Kohler assigned herself to handle all of Plaintiffs legal matters.

• Deputy District Attorney (is also assigned to inmates
                          Mary Kate Kohler
Alfonso Sanchez, I.D. 095848 retrial of a Capital Double Homicide case #0001136-2000 and was handling case Commonwealth vs. Bucks County Corrections Officer Mr. Jennings. This case also Be shadowed involvement by/from inmate Alfonso Sanchez.

• Since Plaintiff has been assisting inmate Alfonso Sanchez with their legal matters, the Bucks County Prosecutor, Defenders Association, Bucks County Courts, have all been heavily retaliatory towards Plaintiff. Especially once Plaintiff was granted permission to represent themselves for any ongoing legal matters.

• From March 8th, 2021 to the present day and time, none of the Plaintiffs filings of Motions, Bail Reduction, Subpoenas for Witnesses, Subpoenas for Documents, Requests for Discovery Packet/s have been heard.

• By August 12th, 2021, Plaintiff was arraigned by Assistant District Attorney Eugene Tavlik representing the Common wealth in front of Honorable Robert J. Mellon. Towards the ending of this Arraignment, Plaintiff had asked Honorable Robert J. Mellon about why none of their (Plaintiffs) motions filed had been heard yet. When asked for filing dates, Plaintiff informed Honorable Mr. Mellon of the first date of March 22nd, 2021. Honorable Mr. Mellon immediately asked A.D.A. Eugene Tavlik why none of Plaintiffs motions were heard. Mr. Tavlik's response, "I don't know".



Honorable Mr. Melton then proceeded to state that there is a 7 week statute of limitation to where motions must be heard, also apologizing to the Plaintiff for the unlawful delayment.

• From around October 2020 to the current present day and time, with the exception of a Immediate Transfer motion (submitted twice before being heard) and a Petition to Remove Steno by council (Also submitted twice before being heard), none of the motions, Subpeonas for Witnesses, Subpeonas for Documents, Bail Reductions, Requests for Discovery Packet/s have been heard, It has been over 8 months and counting.

I am being unlawfully retaliated against by Defendants Deputy District Attorney Mary Kate Kohler, District Attorney Matthew David Weintraub, The Prosecutors for Bucks County and the Bucks County Judicial Branch specifically for helping Inmate Alfonso Sanchez I.D. 095098.

Inmate Mr. Sanchez and Plaintiff are both Latino. Inmate Mr. Sanchez is affiliated with the Latin Kings organization with a "High Ranking". Inmate Alfonso Sanchez is also classified as a "High Profile" individual.

Plaintiff is not affiliated with any organization. Plaintiff is Transgender, born female, reassignment surgery to Male.

It is a violation of Color of Law to attack an individual based upon sex, gender, organization, race/ethnicity.

* It should be noted that for ongoing criminal matters #0001110-2021 and 0003064-2021 "assigned" to Deputy District Attorney Mary Kate Kohler, Ms. Kohler has possession of evidence exhonorating Plaintiff prior to getting a warrant out for the arrest of Plaintiff. Ms. Kohler is creating unnecessary, forced, deliberate delayments, wasting the Courts time/money

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

    C.      What date and approximate time did the events giving rise to your claim(s) occur?



Around July 15th, 2020, at 9:00am

    D.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

Please see attached
(Also refer to Color of Law Violation)

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

N/A

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.   See attached

I am asking to be released immediately, on nominal Bail. I am also requesting that an internal investigation all labeled Defendants due severe Power of Abuse / Abuse of Power.

## Underlining facts for complaint

1.) By April 2020, the Bucks county Courts acknowledged the Norristown State Mental Hospital evaluation deeming Plaintiff competent on/around January 31st, 2020. As a result, Plaintiff was now able to request to represent themselves.

2.) By July 15th, 2020, Honorable Judge Brian T. McGuffin removed the Public Defenders Association from representing Plaintiff. Also ordering Public Defender Bradley Bastedo and Assistant District Attorney Eugene Tarlik then for over discovery. (It was not until around July 23rd, 2020 that Mr. Bastedo handed over the entire full discovery packets, only after Plaintiff sent numerous of e-mails to Mr. Bastedo requesting repeatedly for the entire Discovery Packets. Transaction transpired between 9:30 am and 5: pm on July 23rd, 2020.)

3.) By around August of 2020, Plaintiff was starting to be retaliated against by District Attorney Matthew David Weintraub. Sending specifically Warminster Township Police Detective Seem Harold to communicate/Harass/intimidate/Retaliate against Plaintiff on District Attorney Matthew David Weintraub's order, via voicemail and phone calls with threats.

4.) Plaintiff was so scared/in fear of their life, Plaintiff canceled their apartment lease early, on September 1st, 2020. Apartment Complex owned by Sorelers, Address: 325 N. 13th street, Apt 807, Philadelphia Pa. As a result, Plaintiff went to "hide" at a friends residence in Croydon, Bucks County Pa, 19021 until October 14th, 2020, when Plaintiff turned themselves in on an apparent warrant.

5.) By October 1st, 2020 Deputy District Attorney Mary Kate Kohler assigned herself to handle further criminal matters involving Plaintiff ~~0000000000000~~ 0006007-2016 and 0002727-2019. (Cases were both dismissed on February 17th, 2021)

6.) Deputy District Attorney Mary Kate Kohler Knew by around October 2nd 2020 that Plaintiff was wanting to quest an immediate transfer to a Different Corrections

20f1

Facility, upon turning themselves in on, original date, October 6th, 2020. This information was disclosed via a copy of a Department of State complaint filed on October 8th, 2020, signed at around 11:04 am by Department of State employee J. ZEIGLER. FedEX receipt # 397440302290 (This complaint also involved alleged victims Lauren Gray and Robert Gary, Lower Makefield Township Police Detective Peter Lunge, and Assistant District Attorney Eugene Tarlik.)

7.) By around October 6th, 2020, upon turning themselves in, Plaintiff missed an 8 am train to Doylestown. As a result, upon Plaintiffs arrival to Doylestown at around 10:00 am, using a Septa key card account, D.D.A. Ms. Kohler refused to inform honorable President Judge Bateman the third of why Plaintiff was running behind schedule, making no attempts to request more time. (The Delta variant of covid-19 was just starting to become). Due to this, Honorable Pres. Bateman the third order a bench warrant against Plaintiff. Rescheduling the hearing to October 28th, 2020.

8.) On October 6th, 2020, upon Plaintiffs return to their temporary residence, Plaintiff submitted a 4 (four) page letter directly to Deputy District Attorney Mary Kate Kohler, explaining why exactly they (Plaintiff) failed to turn themselves in on October 6th, 2020.

9.) The 4(four) page letter consisted of statements such as, "You could have prevented the courts from administering a bench warrant". Paragraph (6) Line (1). "I called in an hour and a half in advance notifying the District Attorneys Office that I would be an hour late." Paragraph (6) Lines (2). "You clearly have forgotten that there is a pandemic going on. You clearly have forgotten that New York is shutting down again" due to a new outbreak." Paragraph (7), Lines (1)(2). "I needed to be ~~transfer~~ infront of a judge to request a transfer so that my physical safety is not

3,7,

not jeopardized. This is because I am being physically
retaliated against by District Attorney Matthew Derek
Weintraub, (ex) Warden Paul K. Lagena of the Bucks
County Corrections Facility, and Detective Sean Heinold
of the Warminster Township Police. Paragraph (9), Lines
(4-8).

10.) The 4 (four) page letter to D.D.A. Ms. Kohler also detailed
a briefing on all misconducts and violations committed
by Assistant District Attorney Eugene Faulk, Lower
Makefield Township Detective Peter Lenge, and Alleged
victims Lauren Gray and Robert Gray. Violations
included Hippa Laws, 6th Amendment Violations, Tampering
with evidence, Tampering with Public Records, False
Reports to Law Enforcement Officials, False Imprisonment,
Purgery, Conspiracy, Harassment, Stalking, Retaliation
against a victim, Retaliation against a witness, Recklessly
Endangering another Person.

11.) On October 14th, 2020, Plaintiff was able to make it
on time for a Protection From Abuse Hearing heard
in front of Honorable Jeffery L. Finnely. Deputy District
Attorney Mary Kate Kohler representing the Commonwealth.

12.) Once a continuance was granted for the alleged
DFA violation, Honorable Jeffery L. Finnely heard Plaintiff
defense and arguements for wanting an emergency,
immediate transfer to a different Institution, due to being
in fear of their life in Bucks County and at the Bucks
County Corrections Facility. Plaintiff even submitted
17 (seventeen) pages worth of evidence to support
such requests.

13.) However, Plaintiff request for immediate transfer was
not granted due to prior influence by D.D.A. Ms. Kohler
herself.

14.) Upon Plaintiffs arrival to the Bucks County
Corrections Facility, Plaintiff was placed immediately
on Contraband watch for unknown reasons. Contra-
band watch is to only last for up to 72 hours. Plaintiff
was not only placed on Contraband watch for 5 days,

4.85

the mental Health Department actually had to step in
to make sure Administrations followed protocol. Plaintiff
was refused a set up until mental health intervened.

15.) However, upon being removed off of Contraband watch,
Plaintiff was then secluded to a cell to themselves,
refused hygene products, possession of their legal documents
(13 manilla envelopes), phone calls, and access to the law
Library until Plaintiff was finally transferred to the
Northhampton County Prison on October 29th, 2020 per
Honorable President Judge Wallace H. Bateman Jr. on October
28th, 2020.

16.) By around Around October 21st & 22nd, 2020, Plaintiff
requested to speak with an investigations entity.

17.) Around November, possibly early December, 2020,
Plaintiff again requested to speak with an investigations
entity.

18.) Both interviews were Audio/video recorded.
Detectives Jerrod A. Eisenhauer and Sean Harold,
with attorney Henry James Cooper present on behalf
of plaintiff for first interview.

19.) First interview taken place at the Bucks County
Court house; the other at the Northhampton County
Court House.

20.) In November and December of 2020, Plaintiff
submitted numerous of motions, subpoenas, Requests
for Documents, filed on around 09/23/2020 and on. (Cases
0006007-2018 and 0002727-2019)

21.) By December 2nd, 2020, Plaintiff was now being
charged with 2(two) forms of Harassment against
civil Rights attorney Emily R. Paulus. Pursued by
Bucks County Detective Timothy V. Perkins.

22.) However, Det. Timothy V. Perkins Affidavit of
probable cause failed to actually define any
form of Harassment. Det. Mr. Perkins even withheld
2(two) pages of a 4(four) page document used as
an "Exhibit A". Somehow, Det. Perkins was still
granted a warrant against Plaintiff. Deputy District

58#1

Attorney Mary Kate Kohler also hearing involvement) (signing off on the charges)

23.) Sometime by December 2020, Plaintiff submitted a Rule 600 Dismissal. This motion briefed the misconducts and violations committed by A.D.A. Eugene Tauhk, Det. Peter Lenge, Alleged Victims Lauren and Robert Gray, and now D.D.A. Ms. Kohler, as previously documented in complaint.

24.) Plaintiffs Rule 600 Dismissal was to be heard in front of Honorable Judge Jeffery L. Finnley, on February 17th, 2021. However, Plaintiff was informed on February 15th, 2021 that Prosecutor Mary Kate Kohler was now going to dismiss both cases # 0006007-2018 and 0002727-2019. Only hearing the Alleged Protection From Abuse order, also involving alleged victims Lauren Gray and Robert Gray. (It should be noted that Plaintiff still made an attempt to argue why both cases should still go to trial being that Plaintiffs Rule 600 Dismissal was not going to be heard.)

25.) On February 17th, 2021, Plaintiffs "Violation" of a Protection From abuse order was heard in front of Honorable Judge Jeffery L. Finnely. "Alleged victims Lauren Gray and Robert Gray produced no statements and/or forms of evidence defining a need for a PFA against Plaintiff. However, Alleged victims Lauren Gray and Robert Gray were still granted a 3 (three) year PFA order against Plaintiff.

26.) Even after Honorable Judge Jeffery L. Finnely was handed over legal documents that violated Plaintiffs Hipaa Rights. A stamp of "This information has been disclosed to you from records whose confidentiality is protected by State Stat to State Regulations Limit your right to make any further disclosure of this information without Prior written consent of the person to whom it pertains to", on all 8 pages.

27.) Even after records displaying that an Affidavit of service was never administered by the courts and/or sheriffs Department.



28.) Honorable Judge Jeffery L. Finnely still granted, an unlawful, 3(three) year PFA on behalf of Alleged victims Lauren and Robert Gray. (It should be noted that Plaintiff submitted a criminal complaint and small civil suit claim against Lauren Gray and Robert Gray around 10/31/21).

29.) By around March 3rd, 2021, Plaintiff was refused to speak with Attorney Peter Martin Williams, prior to Plaintiffs Priliminary Hearing by Bucks County Sergent Sheriff Bayle. Attorney Peter Martin Williams called the Bucks County Sheriffs Department, spoke with Sergent, Sheriff Bayle whom then denied Mr. Williams to speak with client/Plaintiff.

30.) It should also be noted that this is not the first time Sergent Sheriff Bayle and Plaintiff had conflictual issues. Also on October 14th 2020, Honorable Judge Jeffery L. Finnely ordered the Bucks County Sheriffs Department to copy plaintiffs entire 14 manilla envelopes full of legal Documents after agreeing that there was sufficient evidence proving retaliation.

31.) Sergent Sheriff Bayle refused to make any form of copies. As a result, Plaintiff filed a civil suit against Mr. Bayle heard on June 24th, 2021 by Honorable Mark D. Daryle. Disposition unknown.

32.) From March 8th, 2021 to the present day, Plaintiff has submitted numerous of motions, subpeonas, requests for documents, request for discovery, Bail reductions. have have still yet to have been heard. It is now October 31st, 2021.

33.) It seems that all classified Defendants believe that since Plaintiff represents themselves, Defendants can just ignore State Rules and Statutes.

34.) By March 26th, 2021, The District Attorneys for Bucks County bolded 3 more alleged Harrassed Law enforcement officials for case 000110-2021.

35.) Complaints made by Law Enforcement Official A.D.A. Eugene Tavlik and Det. Frank T. Bochenek,



are well over the 2 (two) year statutes of limitations to commence pertaining to forms of Harrassment. Exactly 3 years and 6 months for Mr. Tsulik, and 3 years and 8 months for Mr. Bochenek. Yet, District Attorney Matthew David Weintgub approved D.D.A. Ms. Kohlers request to add 3 more alleged complaints unlawfully.

36.) On February 17th, 2021 Plaintiff was charged with 6 charg related offenses for case #0003061-2021. Yet, D.D.A. Ms. Kohler, prior to signing off on warrants, extensively reviewed evidence exhonorating Plaintiff. Evidence includes 3 video/audio recordings taken place between October 2020 and December 2020, a video going against witnesses and detectives testimony that were given on June 24th, 2021. And a witness, Ms. Terri confirming that they were present and the ones recording via video, the intersection between an alleged witness/suspect, Ms. Karol Lyd.

37.) The prosecution refuses to acknowledge such information. Creating unnecessary delayments in court proceedings.

## Relief

Plaintiff is also requesting that Bucks County pay restitution of $250,000 for false imprisonment, emotional distress, pain and suffering, mental distress, owing ex Landlord Eheib ZagZog over $55,000 per Contract, and owing ex Landlord Richard Lonetons over $55,000 in car payments and Car insurance per contract. Plus the reimbursement of all monies spent by Plaintiff while incarcerated. Including all legal and court fees, from September of 2018 to the present day and time.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes    *Yes and no*

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Bucks County Corrections Facility*

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.     If you did file a grievance:

1.    Where did you file the grievance?

N/A

2.    What did you claim in your grievance?

N/A

3.    What was the result, if any?

N/A

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F.      If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

Issues do not concern
corrections facility, concerns courts

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Please see attached

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes   unknown
☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

All priority Mail sent to
Bucks Courts from July 2021
to Present; Motions, Subpeonas, Bail Reductions

- 9505-5145-1612-1272-1039-45
- 9505-5145-1612-1272-1039 -38
- 9505-5145-1613-1264-0334-57
- 9505-5145-1613-1264-0334-64
- 9505-5145-1612-1251-0920-79
- 9505-5145-1612-1235-0613-03
- 9505-5145-1612-1235-0812-80
- 9505-5145-1612-1235-0812-73
- 9505-5145-1612-1235-0812-97
- 9505-5145-1612-1270-1025-51
- 9505-5145-1612-1270-1025-44
- 9505-5145-1612-1285-1102-44
- 9505-5145-1612-1285-1102-51
- 9505-5145-1612-1285-1102-37

All still unanswered as of
October 31st, 2021 and counting.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No    unknown

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)    N/A
     Defendant(s)    N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     N/A

3.   Docket or index number
     N/A

4.   Name of Judge assigned to your case
     N/A

5.   Approximate date of filing lawsuit
     N/A

6.   Is the case still pending?
     ☐ Yes    N/A
     ☐ No

     If no, give the approximate date of disposition.    N/A

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     N/A

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?    unknown

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)      N/A
    Defendant(s)     N/A

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    N/A

3.  Docket or index number
    N/A

4.  Name of Judge assigned to your case
    N/A

5.  Approximate date of filing lawsuit
    N/A

6.  Is the case still pending?

    ☐ Yes            N/A

    ☒ No

    If no, give the approximate date of disposition        N/A

7.  What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

    N/A

Case 2:21-cv-05014-CDJ   Document 2   Filed 11/10/21   Page 26 of 27

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     10/31/21

Signature of Plaintiff     _Matthew Gray_

Printed Name of Plaintiff     Matthew Gray

Prison Identification #     126231

Prison Address     1730 S. Easton Road

Doylestown                    Pa          18901
City                              State          Zip Code

### B.   For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Address     _____

_____
ity          State          Zip Code

Telephone Number     _____

E-mail Address     _____

Page 11 of 11

Matthew Gray (1066231)
1730 S. Easton Road.
Doylestown PA 18901

NOV 10 2021

Legal
Mail
(30 pgs)

10/31/21

Indigent
Legal
(...)

Clerk of Courts, EDPa
James A. Byrne U.S. Courthouse
Room 2609

601 Market Street
Philadelphia PA 19106

U.S.M.S.
X-RAY

US POSTAGE >> PITNEY BOWES
ZIP 18901
02 4W
0000363657
$ 001.96°
NOV 08 2021